**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SURFACIDE, LLC,

    Plaintiff,

  v.

SKYTRON, LLC,

    Defendant.

C.A. No. 18-360-CFC

**[PROPOSED] SCHEDULING ORDER**

This 12th day of October, 2018, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration:

    IT IS ORDERED that:

  1.  Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the parties,

the parties shall make their initial disclosures required by Federal Rule of Civil Procedure

26(a)(1) no later than November 9. The parties shall also comply with the disclosure

requirements as set forth below:

**No later than November 30, 2018, each party shall disclose**:

    a. **Custodians**. The 10 custodians most likely to have discoverable information in

their possession, custody or control, from the most likely to the least likely. The custodians

shall be identified by name, title, role in the instant dispute, and the subject matter of the

information.

    b. **Non-custodial data sources**. A list of the non-custodial data sources that are

1

most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

      c. **Notice**. The parties shall identify any issues relating to (i) any ESI that a party asserts is not reasonable accessible under Fed. R. Civ. P. 26 (b)(2)(C)(i); (ii) Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery; (iii) Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws. The lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

## Initial Discovery in Patent Litigation:

      a. On November 15, 2018, the plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

      b. On January 11, 2019, defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

      c. On February 11, 2019, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

      d. On March 11, 2019, defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references.

      e. Absent a showing of good-cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit

shall not be so limited.

2.         Joinder of Other Parties and Amendment of Pleadings.         All motions to join

other parties, and to amend or supplement the pleadings, shall be filed on or before March 1,

2019, except for motions to allege inequitable conduct, which shall be filed on or before

November 15, 2019.

3.         Discovery.

a.         Discovery Cut Off.         All fact discovery, including written discovery,

fact depositions, and final infringement and validity charts, in this case shall be initiated so that it

will be completed on or before November 15, 2019.

b.         Document Production.         Document production shall be substantially

completed on or before July 30, 2019.

c.         Requests for Admission.         A maximum of 25 requests for admission are

permitted for each side. Notwithstanding the foregoing, there is no limit on the number of

requests for admission the parties may serve to establish the authenticity of documents.

d.         Interrogatories.         A maximum of 25 interrogatories, including contention

interrogatories, are permitted for each side.

e.         Depositions.

i.         Limitation on Hours for Deposition Discovery.         Each side is

limited to a total of 70 hours of taking testimony of fact witnesses by deposition upon oral

examination. This does not include third-party or expert witness depositions.

ii.         Location of Depositions.         Any party or representative (officer,

director, or managing agent) of a party filing a civil action in this district court must ordinarily be

required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court or by agreement of the parties.

A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be

considered as having filed an action in this Court for the purpose of this provision.

    4.      Application to Court for Protective Order.    Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within thirty days from the date of this

Order.

    Any proposed protective order must include the following paragraph:

> Other Proceedings.    By entering this order and limiting the
> disclosure of information in this case, the Court does not intend
> to preclude another court from finding that information may be
> relevant and subject to disclosure in another case. Any person
> or party subject to this order who becomes subject to a motion
> to disclose another party's information designated as
> confidential pursuant to this order shall promptly notify that
> party of the motion so that the party may have an opportunity to
> appear and be heard on whether that information should be
> disclosed.

    5.      Disputes Relating to Discovery Matters and Protective Orders.    Should

counsel find they are unable to resolve a dispute relating to a discovery matter or protective

order, the parties shall contact the Court's Case Manager to schedule an in-person

conference/argument. Unless otherwise ordered, by no later than 48 hours prior to the

conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three

pages, outlining the issues in dispute and the party's position on those issues.  The party shall

submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable

effort to resolve the dispute and that such effort included oral communication that involved

Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies

with specificity the relief sought by the party. By no later than 24 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s). If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

6.      Papers Filed Under Seal.      When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7.      Courtesy Copies.      The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits *etc*.). This provision also applies to papers filed under seal.

8.      Claim Construction Issue Identification.      On or before April 15, 2019, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than April 30, 2019. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov . The text for the Joint Claim Construction Chart shall be 14-point and in a Times New Roman or similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include

5

each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

9.        Claim Construction Briefing.        The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on May 15, 2019. The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on June 5, 2019.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on June 26, 2019. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on July 15, 2019. The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than July 22, 2019, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.        Agreed-upon Constructions

II.        Disputed Constructions

    A.        [TERM 1]

        1.        Plaintiff's Opening Position
        2.        Defendant's Answering Position
        3.        Plaintiff's Reply Position
        4.        Defendant's Sur-Reply Position

    B.        [TERM 2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

10. <u>Hearing on Claim Construction</u>.  Beginning at 9:00 a.m. on September 10, 2019, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

11. <u>Disclosure of Expert Testimony</u>.

a. <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before December 16, 2019. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before January 30, 2020.  Reply expert reports from the party with the initial burden of proof are due on or before  February 20, 2020.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before April 30, 2020.

a. <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by

7

motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    12.      <u>Case Dispositive Motions</u>.

        b.  <u>No early motions without leave</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 26, 2020.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

        c.    <u>Word limits combined with *Daubert* motion word limits</u>.   Each party is permitted to file as many case dispositive motions as desired; provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs for each SIDE. The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

    13.      <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.        Pretrial Conference.  On September 21, 2020, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 4:30 p.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15.        Motions *in Limine*.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.        Compendium of Cases.  A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium.

9

17.      Jury Instructions, Voir Dire and Special Verdict Forms.      Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

18.      Trial.   This matter is scheduled for a five-day trial beginning at 9:30 a.m. on October 5, 2020, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

19.      ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

20.      Service by E-Mail. The parties consent to service by e-mail, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by e-mail shall be made on both Delaware and Lead counsel that have appeared for that party.

_____

UNITED STATES DISTRICT JUDGE

01:23737959.1